Pizor *v.* Palumbo, Appellant.

Argued November 14, 1957. Before Jones, C. J., Bell, Chidsey, Musmanno, Arnold, Jones and Cohen, JJ.

*Don F. D'Agui,* for appellants.

*Paul Ribner,* for appellee.

Opinion by Mr. Chief Justice Jones, January 6, 1958:

The plaintiff sued in trespass to recover damages from the defendants for their alleged defamation of him, both orally and in writing, during an election in June, 1956, in an industrial union whereof all parties to the suit were members. The suit was instituted with the filing of the plaintiff's complaint in February, 1957, which was duly served. A month later the defendants filed their answer containing new matter and a counterclaim wherein they sought damages of the plaintiff for his alleged libel of them by circulating

copies of the complaint which he had filed in court some eight months after the original transactions involved in his suit. The plaintiff filed preliminary objections to the defendants' counterclaim.

The court below correctly concluded that the libel pleaded by the defendants could not be asserted by way of a counterclaim since its grievance did not arise out of the same matters which constituted the gravamen of the plaintiff's complaint. Rule 1046 of the Pennsylvania Rules of Civil Procedure, applicable to trespass actions, provides that "A defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose." Goodrich-Amram, in their commentary on Rule 1046, state, "Counterclaim in trespass is narrowly limited. There is no general right of counterclaim under any circumstances. No counterclaim may be filed unless it arises from the same transaction upon which the plaintiff is suing. All other counterclaims are forbidden." The court below, after concluding as above stated, mistakenly went ahead and considered and discussed the merits of the counterclaim and, in the end, entered an order sustaining the plaintiff's preliminary objections and dismissing the defendants' counterclaim without prejudice. It is that order which is now before us for review on the defendants' appeal.

The action of the court below in discussing the merits of the counterclaim need not do the defendants any harm. The counterclaim was not properly before the court, hence the court's discussion with respect thereto is to be treated as surplusage. "The rights of the defendants are in no way impaired for they may assert their claim in a separate action"—as the opinion for the court below expressly recognized. The statute of limitations has not yet run. If and when a

148

separate action is instituted, the two actions can then be joined for trial if the court of its own motion or on motion of a party so decides. See Rule 213(a) Pa. R. C. P.

Appeal dismissed.